AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia 

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

JAN 29 2024

LAURA A. AUSTIN, CLERK
BY: R. Bندurnu
DEPUTY CLERK

In the Matter of the Search of                    )
*(Briefly describe the property to be searched*    )
*or identify the person by name and address)*      )    Case No. 1:24mj7
1124 Hilton Road                                  )
Gate City, Virginia 24251                         )
                                                  )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A
located in the _____Western_____ District of _____Virginia_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment A.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 875(c) | Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another. |

The application is based on these facts:
See Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Chad Potter
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__telephone__ *(specify reliable electronic means).*

Date: __1/29/24__

*Judge's signature*

City and state: Abingdon, VA                U.S. Magistrate Judge Pamela Meade Sargent
                                            *Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

|   |   |
|---|---|
| IN THE MATTER OF THE SEARCH OF 1124 HILTON ROAD GATE CITY, VIRGINIA 24251 | Case No. |

**AFFIDAVIT IN SUPPORT OF AN**
**APPLICATION FOR A SEARCH WARRANT**

I, Chad Potter, being duly sworn, depose and state the following:

**INTRODUCTION AND AGENT BACKGROUND**

1. Your affiant makes this affidavit in support of an application for a search warrant to search the premises known as 1124 Hilton Road Gate City, Virginia 24251 ("PREMISES") further described in Attachment A, for the things described in Attachment B.

2. I am an investigative law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 3052, which specifically authorizes FBI Special Agents, and officials of the FBI, to make arrests, carry firearms, and serve warrants. Title 18, United States Code, Section 3107, empowers FBI Special Agents and officials to make seizures under warrant for violation of federal statutes.

3. I have been a Special Agent with the FBI since October 27, 2019. I received my initial training and instruction at the FBI Academy located in Quantico, Virginia. I received training regarding violations of the United States criminal statutes. After my initial training, I was assigned to the Richmond Division, Bristol Resident Agency of the FBI, and I currently work out of the Bristol, Virginia office. As part of my job duties, I have investigated a variety of criminal cases, including cases involving the possession of child pornography and sexual exploitation of children, public corruption, civil rights violations, domestic terrorism, and financial crimes.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

1

5. Based on the facts as set forth in this affidavit, there is probable cause that computers located at the PREMISES were used to commit violations of 18 U.S.C. § 875(c), which provides that whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another violates federal law. There is probable cause to seize items described in Attachment B and search them for evidence of violations of the above-mentioned.

## STATEMENT OF PROBABLE CAUSE

6. On January 9, 2024, Woodridge Hospital staff notified the Federal Bureau of Investigation's Johnson City Resident Agency that they had received a threatening communication on their Balladhealth.org "Contact Us" webpage on January 8, 2024.

7. Woodridge Hospital is located at 403 N. State of Franklin Rd., Johnson City, TN 37604.

8. The threat stated: "I'm gonna walk in to your hospital and shoot the staff for what you did to me and my family." The identifying sections of the "Contact Us" webpage were filled in as follows: Name- Austin Hale, Email- austin2145hale@gmail.com, Phone- (703) 239-7995.

9. Queries of FBI databases revealed an Etip submitted by Austin Hale with an address of 1124 Hilton Road, Gate City, VA 24251.

10. On January 9, 2023, this agent interviewed HALE at his residence located at 1124 Hilton Road, Gate City, VA 24251.

11. This agent asked HALE if he knew why the FBI would be there to talk with HALE. HALE said, "Probably because I sent the death threat to the hospital." This agent asked HALE what method HALE used to send the threatening communication. HALE accessed the internet with his desktop computer and sent the threatening communication to the hospital's website, balladhealth.org/contact. The desktop computer is in HALE's house located at 1124 Hilton Road, Gate City, VA 24251. 1124 Hilton Road, Gate City, VA 24251 is in the Western District of Virginia.

12. HALE said he sent the threatening communication because HALE was upset with the hospital. HALE stated, "They made my balls hurt by shocking my cock."

13. Your affiant interviewed DIANE CLARK (CLARK), HALE's mother. CLARK stated HALE does not own a cellular telephone. If HALE accessed the internet, it would have been from a desktop computer in their house.

14. CLARK testified in federal court during HALE's initial appearance and used the term laptop computer. The attachment is for any computer located at HALE's residence that could have been used to access the internet to initiate threatening communications.

15. Open-source databases confirm CLARK and HALE reside at 1124 Hilton Road, Gate City, VA 24251.

16. Based on an interview with CLARK, CLARK and HALE are the only occupants of 1124 Hilton Road, Gate City, VA 24251.

17. HALE said in an interview he is the only person who uses the desktop computer.

## TECHNICAL TERMS

18. The following definitions apply to this affidavit:

    a. "Computer" refers to an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

    b. "Internet" refers to a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

    c. "Records" and "information" include all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

    d. "Storage medium" refers to any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

## ELECTRONIC DEVICES AND STORAGE

19. As described above and in Attachment B, this application seeks permission to search for records that might be found on the PREMISES, and in whatever form they are found. One form in which the records might be found is data stored on a computer's hard drive or other storage media. Thus, the warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule 41(e)(2)(B).

20. I submit that if a computer or storage medium is found on the PREMISES, there is probable cause to believe those records will be stored on that computer or storage medium, for at least the following reasons:

    a. Based on your affiant's knowledge, training, and experience, your affiant knows that electronic devices can store information for long periods of time. Even when a user deletes information from a device, it can sometimes be recovered with forensic tools. Similarly, things that have been viewed via the Internet are typically stored for some period on the device. This information can sometimes be recovered with forensic tools.

    b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

    c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

    d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

21. In most cases, a thorough search of a premises for information that might be stored on storage media often requires the seizure of the physical storage media and later off-site review consistent with the warrant. In lieu of removing storage media from

4

the premises, it is sometimes possible to make an image copy of storage media. Generally speaking, imaging is the taking of a complete electronic picture of the computer's data, including all hidden sectors and deleted files. Either seizure or imaging is often necessary to ensure the accuracy and completeness of data recorded on the storage media, and to prevent the loss of the data either from accidental or intentional destruction. This is true because of the following:

a. *The time required for an examination.* As noted above, not all evidence takes the form of documents and files that can be easily viewed on site. Analyzing evidence of how a computer has been used, what it has been used for, and who has used it requires considerable time, and taking that much time on premises could be unreasonable. As explained above, because the warrant calls for forensic electronic evidence, it is exceedingly likely that it will be necessary to thoroughly examine storage media to obtain evidence. Storage media can store a large volume of information. Reviewing that information for things described in the warrant can take weeks or months, depending on the volume of data stored, and would be impractical and invasive to attempt on-site.

b. *Technical requirements.* Computers can be configured in several different ways, featuring a variety of different operating systems, application software, and configurations. Therefore, searching them sometimes requires tools or knowledge that might not be present on the search site. The vast array of computer hardware and software available makes it difficult to know before a search what tools or knowledge will be required to analyze the system and its data on the PREMISES. However, taking the storage media off-site and reviewing it in a controlled environment will allow its examination with the proper tools and knowledge.

c. *Variety of forms of electronic media.* Records sought under this warrant could be stored in a variety of storage media formats that may require off-site reviewing with specialized forensic tools.

22. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying storage media that reasonably appear to contain some or all of the evidence described in the warrant and would authorize a later review of the media or information consistent with the warrant. The later review may require techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of a hard drive to human inspection in order to determine whether it is evidence described by the warrant.

5

23. Because multiple people share the PREMISES as a residence, it is possible that the PREMISES will contain storage media that are predominantly used, and perhaps owned, by persons who are not suspected of a crime. If it is nonetheless determined that that it is possible that the things described in this warrant could be found on any of those computers or storage media, the warrant applied for would permit the seizure and review of those items as well.

24. Searching for the evidence described in Attachment B may require a range of data analysis techniques. In some cases, agents and computer analysts may be able to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to things described in Attachment B or perusing all stored information briefly to determine whether it falls within the scope of the warrant. Considering these difficulties, the FBI intends to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described in Attachment B.

## JURISDICTION

25. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 875(c).

## CONCLUSION

26. Based on the foregoing, your affiant requests this Court issue the requested search warrant to be executed at 1124 Hilton Road, Gate City, VA 24251 for the items described in Attachment B, as there exists probable cause to permit the execution of the requested warrant.

27. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on January 29, 2024, via telephone.

_____
Chad Potter, Special Agent
Federal Bureau of Investigation

SWORN AND SUBSCRIBED TO BEFORE ME telephonically
THIS DAY 29th OF JANUARY 2024

_____
HONORABLE JUDGE PAMELA MEADE SARGENT
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA

7

## ATTACHMENT A

*PROPERTY TO BE SEARCHED*

The property to be searched is the house located at 1124 Hilton Road Gate City, Virginia 24251.

8

## ATTACHMENT B

*DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED*

1. All records relating to violations of 18 U.S.C. § 875(c) involving Austin Hale, including:

a. Records and information relating to any access of the Balladhealth.org website;

b. Records and information relating to Ballad Health or Woodridge Hospital;

c. Records and information relating to the e-mail account austin2145hale@gmail.com;

d. Records or information relating to any threats to injure persons.

2. Computers or storage media used as a means to commit the violations described above.

3. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

    e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

9

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

4. Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" refers to an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

5. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.